# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:08-CV-473-W

| | | |
|---|---|---|
| **SARAH KATHLEEN PIZZINI HIXSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon the Plaintiff Sarah Kathleen Pizzini Hixson's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. No. 15), and the Defendant Commissioner's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Docs. No. 16 & 17). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

After reviewing the motions, briefs, and administrative record, the Court is prepared to issue its order on Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Judgment on the Pleadings. For the reasons set forth, Plaintiff's Motion for Summary Judgment is DENIED and the Commissioner's Motion for Judgment on the Pleadings is GRANTED. Accordingly, the Commissioner's decision is AFFIRMED.

## I. BACKGROUND

Plaintiff was born on September 11, 1970, has earned a Master's degree, and is married with no children. Plaintiff has past relevant work experience as a medical social worker. (Tr. 44). Regarding her daily activities, Plaintiff testified that she was unable to complete household chores such as laundry, washing dishes, vacuuming, and cooking dinner; that she required a

service dog to perform tasks such as walking to the mailbox; that she was able to bathe and dress herself; that reading books caused her pain, but she was able to read things on the Internet; and that she was able to drive short distances but would sometimes get lost.

On June 28, 2004, Plaintiff applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. §405, alleging she became disabled on April 21, 2003, due to chronic fatigue syndrome, asthma, lactic acidosis, muscle atrophy, headaches, post-exertional malaise, myalgia, cognitive impairment, temporal lobe seizures, pain, headaches, inability to think clearly about complex topics, forgetfulness, and difficulty making plans, doing math, or reading. (Tr. 29-31, 42-43). Plaintiff's claim was denied initially and on reconsideration. (Tr. 17-18, 24-31). Plaintiff sought an administrative hearing and on October 30, 2006, Administrative Law Judge Peter C. Edison (ALJ), held a hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Tr. 521-549). On March 23, 2007, the ALJ issued his findings of fact and conclusions of law, and ultimately denied Plaintiff benefits because Plaintiff retained the residual functional capacity to perform her past relevant work as a medical social worker as it is actually and generally performed. (Tr. 562). After receiving additional evidence from Plaintiff, the Appeals Council denied her request for review on August 11, 2008, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8).

Plaintiff, who has exhausted her administrative remedies, filed this action on October 14, 2008, and the parties' motions for summary judgment and judgment on the pleadings are ripe for the Court's review under 42 U.S.C. §405(g).

This Court scheduled and noticed a hearing on this matter, which was set for March 26, 2010, at 9:00 am. After Plaintiff failed to appear at the hearing, the Deputy Clerk of Court attempted to contact Plaintiff's attorney at the phone number on record; however, the phone

number was out of service.[1] It is counsel's duty to keep the Court apprised of its contact information. Though a hearing would have been beneficial, the Court believes the briefs and record are sufficient and finds a hearing is unnecessary at this juncture. Therefore, the Court will issue its ruling on the parties' motions.

## II. STANDARD OF REVIEW

42 U.S.C. § 405(g), grants this Court the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." § 405(g). It is this Court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing Perales, 402 U.S. at 401). The Fourth Circuit has recognized "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456. The Court may set aside a determination of the ALJ if it is not supported by substantial evidence or it is based upon legal error. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

---

[1]The Court notes that counsel of record for the district court proceedings was Plaintiff's spouse.

The Court notes that Plaintiff applied the incorrect standard of review in its memorandum of law, and instead argued an abuse of discretion standard. While Plaintiff identified the incorrect standard of review, this Court has made all efforts to construe Plaintiff's arguments in a manner consistent with the correct standard.

### III. ANALYSIS

Plaintiff's first contention is that the ALJ committed an error of law in failing to apply an appropriate evaluation of Plaintiff's medical record, including the results from her exercise tolerance test. Plaintiff argues that the results of the exercise tolerance test demonstrate she possesses an impairment that is medically equal to Listing 4.02, Chronic Heart Failure in 20 C.F.R. § 404 Appendix 1. As the Commissioner points out, Plaintiff failed to include heart failure as an complaint in her initial application for disability benefits, therefore depriving the ALJ notice to consider the impairment. The Court, without reconsidering the evidence, finds that the ALJ acknowledged the results of the exercise tolerance test in his decision, but found it did not indicate a disabling impairment. The Court finds that because Plaintiff did not complain of heart failure and the ALJ referenced the fact that the administrating doctor found Plaintiff to be "uncooperative" during the test, the ALJ did not misapply the appropriate standard of law, and there is substantial evidence to support his decision.

Plaintiff's second contention is that the ALJ failed to apply the correct legal standard by failing to give proper weight to the medical opinions of Dr. DeLeo and Dr. Speight or appropriately evaluate objective medical tests. An ALJ may generally provide more weight to the opinions of a treating source, but the ALJ may discount the authority of a treating physician if it lacks clinical and laboratory evidence and is inconsistent with the record as a whole. 20 C.F.R. § 404.1527(d)(2). Plaintiff heavily relies on the diagnoses of Dr. DeLeo and Dr. Speight in arguing the ALJ disregarded evidence suggesting Plaintiff is disabled due to mitochondrial encephalopathy and chronic fatigue syndrome. Here, the ALJ detailed specific reasons for not

giving these two physicians' opinions great weight. The ALJ pointed to Dr. DeLeo's statement that claimant had a mitochondrial encephalopathy based on increased lactic acidosis, but noted that this diagnosis was not supported by further testing done by other doctors. Even among Dr. Speight and Dr. DeLeo, there was disagreement about the Plaintiff's diagnosis. Dr. Speight believed that Plaintiff's disability was based on chronic fatigue syndrome instead of a mitochondrial defect. The ALJ then concluded that great weight should not be afforded to these two physicians' opinions since their diagnoses were based on the claimant's own subjective statements rather than objective medical evidence. Based on this and the fact that only two out of twenty doctors concluded Plaintiff was unable to perform substantial gainful activity, the Court finds the ALJ's findings were based on substantial evidence, and the ALJ followed the applicable legal standard in deciding not to afford great weight to the two physicians' opinions.

Plaintiff's last contention is that the ALJ committed an error of law by disregarding objective medical evidence, and his findings were not based on substantial evidence.[2] The ALJ concluded that "there is no objective medical evidence of any condition that would result in a reduction of [Mrs. Hixson's] residual functional capacity below a full range of light work." (Tr. 560). Plaintiff points to the results of the exercise tolerance test, poor pulmonary diffusion, repeated lactic acidosis, the high C-reactive protein and SED rates, the Epstein-Barr virus, the muscle biopsy, Plaintiff's drop in IQ, and her chronic fatigue to show there was objective evidence to find Plaintiff had a disabling impairment. Plaintiff draws the Court's attention to several medical tests that are not reflective of her medical history as a whole. For example, Plaintiff contends the exercise tolerance test indicated a disabling pulmonary or cardiovascular condition. However, the administrator of the test, Dr. Sanjay Patel, indicated that the results revealed no cardiovascular abnormalities. Additionally, Dr. Thomas Batchelor performed a

_____

[2] Technically, Plaintiff's argument was that the ALJ abused his discretion by disregarding objective medical evidence. Since the Plaintiff incorrectly stated the standard of review, the Court has attempted to construe Plaintiff's arguments under the correct standard of review.

number of tests on Plaintiff that resulted in no positive findings. Dr. Batchelor found no organic or medical etiology for any of Plaintiff's medical complaints. Both Dr. Patel and Dr. Batchelor, along with several other physicians suggested Plaintiff seek psychiatric treatment for her physical complaints. The ALJ relied on this information in his finding of fact that Plaintiff suffers from the impairment of hypochondriasis.[3] Based on the record, the ALJ stated he was persuaded that Plaintiff could be a hypochondriac. (Tr. 561). The ALJ based this finding of the fact on the substantial evidence in the record consisting of the opinions and reports of the majority of physicians Plaintiff visited, specifically eighteen out of twenty doctors, which suggested objective medical tests did not reveal a severe medical condition.

## IV. CONCLUSION

In conclusion, the Court finds the Commissioner's decision denying disability benefits was based on substantial evidence and applied the correct legal standards. Therefore, Plaintiff's Motion for Summary Judgment is DENIED and the Commissioner's Motion for Judgment on the Pleadings is GRANTED. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: March 30, 2010

Frank D. Whitney
United States District Judge

---

[3] The Court recognizes the ALJ made a finding of fact of hypochondriasis based on the record supporting that Plaintiff had an abnormal preoccupation with her health.